UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

**Not for Publication**

October 16, 2017

**LETTER OPINION & ORDER**

**VIA CM/ECF**
All counsel of record

Re:  *Sanofi-Aventis U.S. LLC, et al. v. Fresenius Kabi USA, LLC, et al.*
<u>Lead Coordinated Civil Action No. 14-7869 (MAS) (LHG)</u>

Dear Counsel:

This matter comes before the Court on the joint correspondence setting forth the outstanding evidentiary trial objections for which the Court invited briefing.[1] (Joint correspondence, ECF No. 255.) For the reasons set forth below, the Court sustains Plaintiffs' objection with respect to the admission of U.S. Patent No. 7,074,821 (the '821 patent) into evidence and overrules Defendants' various objections with respect to Dr. Sartor's trial testimony.

First, Defendants request the Court to admit the '821 patent into evidence or, alternatively, to take judicial notice of the '821 patent. (Joint Correspondence 3-4.) Defendants failed to include the '821 patent in their joint exhibit list to the final pretrial order and did not demonstrate good cause at trial or in their post-trial submission for their failure to include the '821 patent in the final pretrial order. In its order setting forth the requirements for joint correspondence with respect to outstanding post-trial objections, the Court stated the parties must support their positions with citations to relevant rules and case law. (Order, ECF No. 251.) Defendants cited *Lassere v. Home*

---

[1] The parties' positions were set forth in the joint correspondence and will not be repeated at length herein. In addition, as trial-related objections are generally summarily disposed of at trial, this Letter Opinion will not contain a detailed legal analysis. Rather, this Letter Opinion will simply provide a short basis for the Court's evidentiary rulings.

*Depot, U.S.A., Inc.*, No. 12-2131, 2015 WL 13532730, at *2 (E.D. La. Jan. 26, 2015), for the proposition that adding the '821 patent to their pretrial exhibit list would be minimally prejudicial. (Joint Correspondence 3.) In addition, Defendants cited Federal Rule of Evidence 201 and *X One, Inc. v. Uber Technologies, Inc.*, 239 F. Supp. 3d 1174, 1182 n.1 (N.D. Cal. Mar. 6, 2017), in support of their alternative request for the Court to take judicial notice of the '821 patent. The Court finds neither of Defendants' arguments persuasive. First, the *Lassere* court's decision was not issued in response to an evidentiary objection during trial. Next, *X One, Inc.* dealt with judicial notice of a patent in the context of a motion to dismiss, which is clearly distinguishable from a request for judicial notice of a patent not included in the final pretrial order in the midst of trial.[2] Here, based on the showing made during trial and in the post-trial joint submission, the Court denies Defendants' request.

Next, Defendants object to Dr. Sartor's Testimony with respect to the anticancer activity standard. (Trial Tr. 1481:11-21; 1501:17-21; 1503:1-25; 1510:4-23; 1517:10-15; 1518:4-22.) The Court has carefully reviewed Dr. Sartor's rebuttal expert report, deposition testimony, and the trial testimony at issue and overrules Defendants' objections. The Court finds that the areas objected to by Defendants were either disclosed in or, at the very least, consistent with, Dr. Sartor's expert report. Accordingly, the Court is not persuaded by Defendants' arguments with respect to Dr. Sartor's expert report and trial testimony, as the challenged subject matters were appropriate areas to be explored during Dr. Sartor's deposition and upon cross-examination at trial.[3] The Court is

---

[2] Defendants indicated that they "wish to offer this patent into evidence to show Sanofi's shifting positions – when it suits them, they will rely on preclinical data to obtain method patents, but in litigation, they require human clinical data to invalidate them." (Joint Correspondence 3.) Based on Defendants' intended use of the evidence, the '821 patent should have been disclosed earlier in the litigation. Defendants' allegation that Plaintiffs failed to timely disclose the '821 patent in response to their discovery requests should also have been raised earlier in the litigation, not in the midst of trial.

[3] For example, Defendants argue that "Dr. Sartor made passing mention in a footnote of his report of whether particular prior art references showed evidence of anticancer activity for a dose of 20 mg/m$^2$" but "*never* analyzed whether these references or the prior art as a whole would have provided a POSA with a reasonable expectation of such activity." (Joint Correspondence 6 (emphasis in original).) As Plaintiffs argue, however, Dr. Sartor stated in footnote 11 that:

> "**there was no data at all in the prior art concerning a 20 mg/m$^2$** dose of cabazitaxel in prostate cancer that had progressed during or after treatment with docetaxel and no data in any cancer on the combination of 20 mg/m$^2$ cabazitaxel

also not persuaded by Defendants' assertion that its expert, Dr. Ratain, was not available to rebut Dr. Sartor's opinions and that Defendants would be required to respond to Dr. Sartor's opinions during post-trial briefing.[4]

Accordingly, it is on this 16th day of October, 2017, **ORDERED** that:

1. Plaintiffs' objection to the admission of the '821 patent is sustained.

2. Defendants' objections to the admission of Dr. Sartor's testimony are overruled.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

and prednisone. ***Dr. Ratain is also mistaken when he asserts that a 20 mg/m² dose had demonstrated antitumor activity in Mita.***"

(*Id.* at 8 (emphasis in original).) In addition, the Court finds that Dr. Sartor's trial opinions with respect to the *Pivot* paper and Dr. Sartor's other disputed trial opinions are sufficiently consistent with his expert report such that any issues and/or discrepancies between the two were better addressed through cross-examination as opposed to exclusion of the testimony.

[4] The Court implemented the trial schedule as an accommodation to counsel. (*See* ECF Nos. 205, 229.) Accordingly, Dr. Ratain's inability to respond to Dr. Sartor's testimony resulted from the joint scheduling request. Based on its review of the trial objections, trial transcript, expert report, and expert deposition, the Court does not find good cause to strike the testimony at issue. Rather, Defendants may address Dr. Sartor's opinions during post-trial briefing.

3